# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHERMA JOHNSON,

        Plaintiff,

v.                                   Case No:   6:23-cv-1585-CEM-LHP

THE PRESERVES AT STONEBRIAR
HOMEOWNERS ASSOCIATION
INC. and DOES 1-10,

        Defendants

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Before the Court is Defendant The Preserves at Stonebriar Homeowners Association Inc.'s Renewed Motion to Dismiss Plaintiff's Amended Complaint. Doc. No. 47. Plaintiff opposes. Doc. No. 51. The matter has been referred to the undersigned and is ripe for review. For the reasons discussed below, the undersigned will respectfully recommend that the Court *sua sponte* dismiss the amended complaint (Doc. No. 8) as a shotgun pleading and for failure to adequately plead subject matter jurisdiction, and deny without prejudice The Preserves at Stonebriar Homeowners Association Inc.'s Renewed Motion to Dismiss (Doc. No. 47).

## I.    BACKGROUND.

Plaintiff Sherma Johnson, appearing *pro se*, instituted this action against Defendant The Preserves at Stonebriar Homeowners Association, Inc. ("the Association") and Defendants Does 1–10 by complaint filed on August 18, 2023. Doc. No. 1.    The allegations of the complaint stem from a foreclosure action filed by the Association against Plaintiff in state court related to Plaintiff's rental property, which resulted in the foreclosure of the property due to unpaid assessments.    *Id.*    Plaintiff alleged that the Court had federal question jurisdiction and asserted claims for breach of an agreement (Count I); declaratory relief (Count II); breach of good faith and fair dealing (Count III); estoppel/unclean hands (Count IV); fraud (Count V); negligence (Count VI); slander of title (Count VII); and legal fees and costs (Count VIII), and sought $1,000,000.00 in damages.    *Id.*

With the initial complaint, Plaintiff filed a motion to proceed *in forma pauperis*. Doc. No. 5.    Upon referral, the undersigned issued a report recommending that the motion be denied and the complaint be dismissed without prejudice for failure to adequately plead subject matter jurisdiction, as although Plaintiff alleged federal question jurisdiction, no federal question appeared on the face of the complaint, and Plaintiff did not otherwise demonstrate diversity of citizenship between the parties. Doc. No. 6.    Plaintiff did not file any objections, and the Court adopted that report,

dismissed the complaint, and provided Plaintiff an opportunity to replead.   Doc. No. 7.

On November 13, 2023, Plaintiff filed an amended complaint, asserting the same claims against the Association and Does 1–10.   Doc. No. 8.   Plaintiff also paid the filing fee and abandoned her request to proceed *in forma pauperis*.   Plaintiff again seeks $1,000,000.00 in damages, but this time alleges that the Court has subject matter jurisdiction based on diversity of citizenship.   *Id.* at 1, 9.

On January 4, 2024, the Court dismissed the case for failure to prosecute, but reopened the case on February 20, 2024 on Plaintiff's motion.   Doc. Nos. 10–12. The Association thereafter appeared in the case.   Doc. No. 15.   On September 11, 2024, the Court dismissed the case again for failure to comply with Court Orders, but ultimately reopened the case on September 25, 2024, after the parties filed a Case Management Report.   Doc. Nos. 32, 34–35.

After two procedurally deficient motions, the Association filed the motion to dismiss that is the subject of this report.   Doc. No. 47; *see also* Doc. Nos. 20, 44, 45–46.   Plaintiff responds in opposition.   Doc. No. 51; *see also* Doc. Nos. 49–50.

## II.    LEGAL STANDARDS.

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).    While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."    *Id.* (quoting *Twombly*, 550 U.S. at 555).    A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."    *Twombly*, 550 U.S. at 555.    For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes."    Fed. R. Civ. P. 10(c); *see also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

Additionally, under Federal Rule of Civil Procedure 12(h)(3), a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case.    *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[1] "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary."    *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citations omitted).[2]

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit

Courts give a "liberal construction" to *pro se* pleadings.   *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).   But this leeway is not limitless, as courts cannot serve as "*de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action."   *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted).

## III.    ANALYSIS.

The Association moves to dismiss the amended complaint on several bases, including because Plaintiff lacks standing to raise many of the claims; Plaintiff's claims are barred by res judicata due to the state court foreclosure proceedings; and Plaintiff fails to state any claim for relief.   Doc. No. 47.   However, on review, and although not raised by the motion to dismiss, the amended complaint is a shotgun pleading and also fails to adequately plead subject matter jurisdiction.   *See* Doc. No. 8.   Accordingly, the undersigned will recommend that the Court *sua sponte* dismiss the amended complaint on these bases, with one more opportunity to replead.   *See Sundby v. Bekins A-1 Movers, Inc.*, No. 8:24-cv-2275-TPB-CPT, 2024 WL 4643495, at *2 (M.D. Fla. Oct. 31, 2024) ("A federal court has a duty to examine, even *sua sponte*, its own jurisdiction over a case, notwithstanding the contentions of the parties." (citing *Plains Com. Bank v. Long Fam. Land & Cattle Co.*, 554 U.S. 316, 324

---

handed down prior to the close of business on September 30, 1981.

(2008); *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020))); *Cousins v. Sch. Bd. of Orange Cty., Fla.*, 636 F. Supp. 3d 1360, 1372 (M.D. Fla. 2022) ("[W]hen presented with a shotgun complaint, the district court should order repleading *sua sponte.*" (quoting *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009))).

A.    Shotgun Pleading.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "Shotgun pleadings come in a variety of forms." *Brown v. Bank of Am. NA*, No. 6:18-cv-436-Orl-37TBS, 2018 WL 2688776, at *1 (M.D. Fla. Mar. 22, 2018) (citing *Weiland*, 792 F.3d at 1321). But "[t]he most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. "Described as 'altogether unacceptable,' by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required." *Brown*, 2018 WL 2688776, at *1 (citing *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Here, Plaintiff's amended complaint is "the most common type" of shotgun pleading, as every Count of the amended complaint incorporates all allegations preceding it. *See* Doc. No. 8 ¶¶ 18, 22, 26, 32, 36, 41, 47, 52. "This is

impermissible," and the amended complaint "must be dismissed." *See Brown*, 2018 WL 2688776, at *1 (dismissing shotgun complaint for same reason); *see also, e.g.*, *Abel v. Porsche Cars N. Am., Inc.*, No. 6:24-cv-593-PGB-DCI, 2024 WL 4793326, at *1 (M.D. Fla. Oct. 4, 2024) (*sua sponte* dismissing complaint as first "most common type" of shotgun pleading); *Byron v. Avant Healthcare Pros., LLC*, No. 6:23-cv-1645-WWB-LHP, 2023 WL 9196665, at *1 (M.D. Fla. Nov. 29, 2023) (*sua sponte* dismissing complaint as "most common type" of shotgun pleading, noting: "This circumstance makes it virtually impossible to discern which of the facts alleged supports each claim and is sufficient grounds in itself upon which to order Plaintiffs to replead"); *Allstate Servicing, Inc. v. Knauf Gips KG*, No. 5:21-cv-574-WWB-PRL, 2022 WL 17370304, at *1 (M.D. Fla. Feb. 17, 2022) (same); *Uys v. Harris*, No. 6:20-cv-1143-CEM-EJK, 2021 WL 2458698, at *2 (M.D. Fla. May 11, 2021) (same).

B.    <u>Subject Matter Jurisdiction</u>.

Plaintiff premises the Court's subject matter jurisdiction on 28 U.S.C. § 1332, based on the diversity of citizenship between the parties.   Doc. No. 8 ¶¶ 1, 3–5.[3] Under 28 U.S.C. § 1332, the Court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and

---

[3] Plaintiff's amended complaint does not allege a federal claim, and thus, the undersigned addresses only the adequacy of the jurisdictional allegations based on the diversity of citizenship between the parties.   *See* Doc. No. 8.

the matter is between citizens of different states.    28 U.S.C. § 1332(a).    For diversity jurisdiction purposes, an individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home."   *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002).    A corporation, on the other hand, is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located.    28 U.S.C. § 1332(c)(1).

Plaintiff alleges that she is domiciled in Tennessee, which is sufficient to establish her citizenship.    Doc. No. 8 ¶ 4.    And the Association's citizenship is adequately established on the record, as Plaintiff alleges that the Association's principal place of business is in Palm Bay, Florida, and the record otherwise reflects that the Association is a Florida corporation.    *Id.* ¶ 5; Doc. No. 25, at 2; *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2011) (allowing defective allegations regarding citizenship to be cured through record evidence).

That said, Plaintiff also brings this case against "Does 1–10," but to date has not identified said Defendants nor provided any information as to their citizenship. Doc. No. 8.[4]    Thus, "the inclusion of '[Does 1–10]' as Defendants prevents the Court

---

[4] In the amended complaint, Plaintiff does not include any allegations against the Doe Defendants directly, but instead, simply refers throughout the pleading to "Defendant" or "Defendants," which is also problematic.    Doc. No. 8.    *See Weiland*, 792 F.3d at 1323 (identifying another type of impermissible shotgun pleading as one "asserting multiple claims against multiple defendants without specifying which of the defendants

from being able to determine whether complete diversity of citizenship exists." *See Escamilla v. Blackwood*, No. 6:17-cv-678-Orl-37TBS, 2017 WL 7311869, at *2 (M.D. Fla. May 23, 2017), *report and recommendation adopted*, 2017 WL 7311848 (M.D. Fla. June 14, 2017); *see also Brown v. Bank of Am. NA*, No. 6:18-cv-436-Orl-37TBS, 2018 WL 2688776, at *1 (M.D. Fla. Mar. 22, 2018) ("Courts . . . have found that diversity jurisdiction cannot exist in an action against a 'Doe' party where, as here, it is filed directly in federal court."); *Fifth Third Bank v. Fla. Caring Hands Corp.*, No. 3:14-cv-212-J-39MCR, 2015 WL 12818836, at *3 (M.D. Fla. Apr. 17, 2015) ("[T]here are three unnamed defendants who remain parties to this action.   To date, the Complaint has not been amended or supplemented to allege the citizenship of these defendants, and their continued presence calls the Court's jurisdiction into question."); *PNC Bank, N.A. v. H.R. United, Inc.*, No. 6:13-cv-949-Orl-37GJK, 2013 WL 12166243, at *1 (M.D. Fla. June 20, 2013) ("For cases whose claims are brought solely under the court's diversity jurisdiction, the general rule is that the presence of fictitious parties destroys diversity.").

Upon review of the docket, Plaintiff has never filed proof of service as to these Doe Defendants.   So, on notice to Plaintiff, it may be that the Doe Defendants are

---

are responsible for which acts or omissions, or which of the defendants the claim is brought against").

properly dismissed.  *See* Fed. R. Civ. P. 4(m).   But even assuming they were dismissed, however, the amount in controversy is also problematic.

Specifically, Plaintiff pleads in a conclusory fashion that "[t]he matter in controversy exceeds" $75,000.00, and she also requests "actual damages in an amount of $1,000,000.00 plus additional damages to be established at trial and/or evidentiary hearings."   Doc. No. 8, at 1, 9.   However, the amended complaint does not otherwise elucidate the damages Plaintiff is claiming she actually suffered in this case.   *Id.*

To establish the amount in controversy, Plaintiff must allege "a sufficient sum in good faith."   *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).   "While courts afford some deference to a diversity plaintiff's amount in controversy allegations . . . [they] would be remiss in [their] obligations if [they] accepted every claim of damages at face value' regardless of the nature of the other assertions in a plaintiff's complaint."   *Aufderhaar v. Warder*, No. 8:21-cv-419-MSS-CPT, 2021 WL 7448081, at *5 (M.D. Fla. Nov. 3, 2021), *report and recommendation adopted*, 2021 WL 7448085 (M.D. Fla. Nov. 30, 2021) (alterations in original) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1272 (11th Cir. 2000)).

Again, Plaintiff makes only an unsubstantiated request for $1,000,000.00 in damages.   Doc. No. 8, at 9.   Without more, Plaintiff has not satisfied the amount

in controversy requirement. *See, e.g.*, *Howarth v. Howarth*, No. 8:20-cv-199-T-36CPT, 2020 WL 735999, at *2 (M.D. Fla. Feb. 13, 2020) ("Plaintiff does not provide sufficient allegations about the amount in controversy. Plaintiff seeks $2,000,000.00 from Defendant, but does not provide a basis for this amount."); *Bush v. Bank of Am., N.A.*, No. 6:18-cv-528-Orl-18GJK, 2018 WL 3635116, at *2 (M.D. Fla. June 21, 2018), *report and recommendation adopted*, 2018 WL 3831343 (M.D. Fla. Aug. 13, 2018) (declining to find sufficient allegations of amount in controversy despite the plaintiff's claims for "80 million and 40 million in punitive money damage"); *Torres v. BBVA Compass Bancshares, Inc.*, No. 5:14-cv-502-Oc-30PRL, 2014 WL 5173057, at *3 (M.D. Fla. Oct. 14, 2014) ('While Plaintiff demands $1 million in damages, the Complaint includes no basis whatsoever to support that amount.").

For these reasons, the undersigned will also recommend that the Court dismiss the amended complaint without prejudice for failure to adequately plead subject matter jurisdiction. *See Brown*, 2018 WL 2688776, at *1 (dismissing complaint as both shotgun pleading and for failure to adequately plead diversity jurisdiction where the *pro se* plaintiff included unidentified "John and Jane Doe" defendants); *see also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (a dismissal for lack of subject matter jurisdiction is "entered without prejudice").

C.    <u>Leave to Amend</u>.

As discussed above, Plaintiff has already been given an opportunity to file an amended complaint.    Doc. Nos. 6–8.    *See also Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))).    However, given that the undersigned is *sua sponte* raising the issues regarding shotgun pleadings and subject matter jurisdiction, neither of which are addressed in the Association's motion to dismiss, Doc. No. 47, and considering Plaintiff's *pro se* status and that it is at least possible that Plaintiff may rectify these deficiencies by amendment, the undersigned will respectfully recommend that Plaintiff be given one more opportunity to replead.[5]    *Cf. Maultsby v. St. Petersburg Coll.*, No. 8:10-cv-2288-T-30TGW, 2011 WL 940468, at *1 (M.D. Fla. Mar. 17, 2011) (dismissing second amended complaint for pleading deficiencies, but permitting *pro se* party "one more chance" to amend even though the court had previously dismissed the initial complaint); *New Jersey upon its 1776 Const. v. Fla., Charlotte Cty.*

---

[5] The undersigned further notes that in response to the motion to dismiss, Plaintiff asks that "should the Court find any deficiencies, Plaintiff requests leave to amend the Amended Complaint to address such issues."    Doc. No. 51, at 19–20.

*Jail*, No. 2:24-cv-257-SPC-KCD, 2024 WL 5055266, at *3 (M.D. Fla. Apr. 22, 2024) (similar); *see also Escamilla v. Blackwood*, No. 6:17-cv-678-Orl-37TBS, 2017 WL 7311869, at *3 (M.D. Fla. May 23, 2017), *report and recommendation adopted*, 2017 WL 7311848 (M.D. Fla. June 14, 2017) (permitting *pro se* party leave to amend complaint one final time after an amended complaint was dismissed upon review pursuant to 28 U.S.C. § 1915).

## IV.    RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.    **DISMISS without prejudice** the amended complaint (Doc. No. 8), as a shotgun pleading and for failure to adequately plead subject matter jurisdiction.

2.    **DENY without prejudice** Defendant The Preserves at Stonebriar Homeowners Association Inc.'s Renewed Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 47).

3.    **PERMIT** Plaintiff to file a second amended complaint, within a time established by the Court, to rectify the deficiencies outlined herein.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's

factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 9, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy