UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHERMA JOHNSON,**

       **Plaintiff,**

v.                                              Case No.  6:23-cv-1585-CEM-LHP

**THE PRESERVES AT STONEBRIAR HOMEOWNERS ASSOCIATION INC. and DOES 1-10,**

       **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant The Preserves at Stonebriar Homeowners Association Inc.'s Renewed Motion to Dismiss ("Defendant's Motion," Doc. 47), to which Plaintiff filed a Response (Doc. 51). This cause is also before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Stay State Court Foreclosure ("Plaintiff's Motion," Doc. 55).

The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 54) on Defendant's Motion, recommending that the Court *sua sponte* dismiss the Amended Complaint (Doc. 8) as a shotgun pleading and for failure to adequately plead subject matter jurisdiction and, therefore, that the Motion be denied

without prejudice. Plaintiff filed Objections (Doc. 56), which will be accepted as timely.

First, Plaintiff objects to the Magistrate Judge's recommendation of *sua sponte* dismissal of the Amended Complaint as a shotgun pleading, arguing that her incorporation of prior paragraphs does not constitute a shotgun pleading. "The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). This is precisely what every count of the Amended Complaint does. (*See* Doc. 8 at 4–9). Plaintiff then states her allegations are sufficiently clear. Yet this is merely disagreement with the Magistrate Judge's reasoning not argument. Because Plaintiff will be permitted to amend, the Court need not address her arguments that she be given such leave.

Second, Plaintiff argues that she has adequately pleaded diversity of citizenship. Relying on *Walker v. CSX Transportation, Inc.*, she argues that the Doe Defendants do not destroy diversity of citizenship. 650 F.3d 1392, 1396 n.11 (11th Cir. 2011). There, that was true but only in the context of removal. *See* 28 U.S.C. § 1441(a) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

Furthermore, the Magistrate Judge addressed this argument in the R&R. (*See* Doc. 54 at 9). "Courts . . . have found that diversity jurisdiction cannot exist in an action against a 'Doe' party where, as here, it is filed directly in federal court." *Brown v. Bank of Am. NA*, No. 6:18-cv-436-Orl-37TBS, 2018 WL 2688776, at *1 (M.D. Fla. Mar. 22, 2018). *Walker* is distinguishable because that action was originally filed in and removed from state court. 650 F.3d at 1396 n.11. Plaintiff's argument that none of the Does are citizens of Tennessee upon information and belief is not enough. *See Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 6:19-cv-982-ORL-37DCI, 2019 WL 10375473, at *1 (M.D. Fla. May 29, 2019) ("[A]lleging citizenship on 'information and belief' is insufficient.").

Plaintiff also objects to the finding that her request for $1,000,000 in damages was unsubstantiated. Coming forward now with other numbers, Plaintiff argues that her property was sold for $18,500 at auction but the fair market value exceeded $350,000. But these numbers appear nowhere in the Amended Complaint. The Magistrate Judge did not err in finding Plaintiff failed to satisfy the amount in controversy requirement. Therefore, Plaintiff's Objections will be overruled.

As for Plaintiff's Motion, first, the standards for obtaining a temporary restraining order ("TRO") and preliminary injunction are identical. *See Windsor v. United States*, 379 F. App'x 912, 916–17 (11th Cir. 2010). "The primary difference between a preliminary injunction and a TRO is that a TRO may be entered before

the defendant has an adequate opportunity to respond." *Fla. Immigrant Coal. v. Uthmeier*, No. 25-21524-CV-WILLIAMS, 2025 U.S. Dist. LEXIS 69183, at *4 (S.D. Fla. Apr. 4, 2025) (internal quotation marks omitted). So, while Plaintiff refers to both, the Court will use the preliminary injunction standard.

"The grant or denial of a preliminary injunction is a decision within the sound discretion of the district court." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). To obtain a preliminary injunction, the movant must sufficiently establish that (1) "it has a substantial likelihood of success on the merits;" (2) "irreparable injury will be suffered unless the injunction issues;" (3) "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;" and (4) "the injunction would not be adverse to the public interest." *Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "A preliminary injunction, moreover, 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Llovera v. Fla.*, 576 F. App'x 894, 896 (11th Cir. 2014) (per curiam) (quoting *Forsyth Cnty.*, 633 F.3d at 1039). "To carry its burden, a plaintiff seeking a preliminary injunction must offer proof beyond unverified allegations in the pleadings. Moreover, vague or conclusory affidavits are insufficient to satisfy the plaintiff's burden." *Palmer v. Braun*, 155 F. Supp. 2d 1327, 1331 (M.D. Fla. 2001), *aff'd*, 287 F.3d 1325, 1327 (11th Cir. 2002).

Failure to satisfy even one element for a preliminary injunction is fatal to issuance of the injunction. *Llovera,* 576 F. App'x at 896. If the Court finds that Plaintiff has failed to carry her burden as to a single element, the Court need not consider the remaining elements. *Henry v. Nat'l Hous. P'ship*, No. 1:06-cv-008-SPM, 2006 WL 8443138, at *1 (N.D. Fla. Sept. 19, 2006) ("Where a plaintiff has not carried his burden as to any one of the elements required for a preliminary injunction, it is unnecessary to address the remaining elements." (citing *Jefferson Cnty.*, 720 F.2d at 1519)). Because the Amended Complaint will be dismissed a shotgun pleading and for failure to adequately plead subject matter jurisdiction, it is apparent Plaintiff has not met her burden as to the first factor of the test. Therefore, Plaintiff has not established a substantial likelihood of success on the merits of the claims, and Plaintiff's Motion will be denied.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Accept Late-Filed Objection (Doc. 57) is **GRANTED**.

    a. Plaintiff's Objections (Doc. 56) are accepted as timely.

2. Plaintiff's Objections (Doc. 56) are **OVERRULED**.

3. The Report and Recommendation (Doc. 54) is **ADOPTED** and made a part of this Order.

4. Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED without prejudice**.

5. Defendant The Preserves at Stonebriar Homeowners Association Inc.'s Renewed Motion to Dismiss (Doc. 47) is **DENIED without prejudice**.

6. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Stay State Court Foreclosure (Doc. 55) is **DENIED**.

7. **On or before July 22, 2025**, Plaintiff may file a Second Amended Complaint that corrects the deficiencies set forth in the Report and Recommendation. Failure to do so will result in the closure of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on July 8, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party