# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHERMA JOHNSON,

      Plaintiff,

v.                                      Case No:   6:23-cv-1585-CEM-LHP

THE PRESERVES AT STONEBRIAR
HOMEOWNERS ASSOCIATION
INC., et al.,

      Defendants

---

## ORDER
(And Directions to Clerk of Court)

This cause comes before the Court on Plaintiff's Motion for Leave to File Fourth[1] Amended Complaint and for Issuance of Summonses.  Doc. No. 67. Plaintiff contends that leave to amend is proper for her to cure deficiencies previously identified by the Court and by opposing counsel in a motion to dismiss, and to comply with prior Court directives.  *Id.*  The only Defendant to have appeared in the case to date—The Preserves at Stonebriar Homeowners

---

[1] Although Plaintiff titles this motion as request for leave to file a "fourth" amended complaint, it would actually be Plaintiff's third amended complaint.  This Order, however, simply refers to the motion (Doc. No. 67) and proposed amendment (Doc. No. 67-1) as titled.

Association, Inc.—opposes. Doc. No. 78. Defendant argues only that the proposed amended complaint (Doc. No. 67-1) differs from the proposed amendment Plaintiff presented during conferrals, and that the deadline for amending pleadings has long expired (November 15, 2024, *see* Doc. No. 36) and Plaintiff fails to establish good cause to extend it. *Id.* The motion has been referred to the undersigned, and the matter is ripe for review.

In light of the prior rulings in this case and in consideration of Plaintiff's *pro se* status, the undersigned finds that Plaintiff's motion (Doc. No. 67) is due to be granted.[2] Specifically, on July 8, 2025, the Court dismissed Plaintiff's amended complaint[3] as a shotgun pleading, providing Plaintiff direction on repleader. Doc. No. 58; *see also* Doc. No. 54. According to Plaintiff, she did not timely receive the Court's Order, she had only five (5) days to prepare her second amended pleading, and she admits that it did not comply with the Court's directives. Doc. No. 67, at 2. She now seeks to fix those issues. *Id.* Since the filing of the second amended

---

[2] The Court notes that Plaintiff's motion to amend (Doc. No. 67) and related filings (Doc. No. 68) do not comply in full with the Local Rules, specifically Local Rule 3.01(a). Plaintiff's *pro se* status does not excuse her failure to comply with all applicable Local Rules. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989) (*pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Plaintiff is cautioned that future failures to comply may result in the summary denial or striking of the offending filing without further notice.

[3] Plaintiff's initial complaint was dismissed on review under 28 U.S.C. § 1915 prior to any Defendants' appearance in the case. Doc. Nos. 1, 6–7.

complaint, the Court also denied Plaintiff's motion for injunctive relief, finding that the second amended complaint is again a shotgun pleading. Doc. No. 77; *see also* Doc. No. 62.

Given the finding that Plaintiff's second amended complaint is a shotgun pleading (Doc. No. 77),[4] which Plaintiff recognizes and attempts to rectify (Doc. No. 67), and considering Plaintiff's *pro se* status, the undersigned finds it appropriate to provide Plaintiff one <u>final</u> opportunity to replead. *Cf. Washington v. R-B*, No. 6:25-cv-563-CEM-DCI, 2025 WL 2783815, at *3 (M.D. Fla. July 31, 2025), *report and recommendation adopted*, 2025 WL 2780319 (M.D. Fla. Sept. 30, 2025) (giving *pro se* plaintiff one more chance to amend after two complaints were dismissed for failure to comply with proper pleading requirements); *Meade v. United States Dep't of Veterans Affs.*, No. 6:22-cv-533-CEM-LHP, 2023 WL 3975127, at *4 (M.D. Fla. Mar. 20, 2023), *report and recommendation adopted*, 2023 WL 3975331 (M.D. Fla. Apr. 12, 2023) (providing *pro se* plaintiff leave to amend after both second and third amended complaints were dismissed as shotgun pleadings); *Uppal v. Wells Fargo Bank, NA*, No. 8:19-cv-1334-T-02JSS, 2020 WL 4227435, at *2 (M.D. Fla. July 23, 2020) (providing *pro se* plaintiff one final opportunity to replead her claims after the court dismissed a second amended complaint, the most recent complaint being

---

[4] The undersigned notes that Defendant moves to dismiss the second amended complaint as a shotgun pleading as well. *See* Doc. No. 61.

"carelessly written"); *Maultsby v. St. Petersburg Coll.*, No. 8:10-cv-2288-T-30TGW, 2011 WL 940468, at *1 (M.D. Fla. Mar. 17, 2011) (permitting *pro se* party "one more chance" to amend after the court dismissed a second amended complaint for failure to comply with pleading requirements).[5]

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion for Leave to File Fourth Amended Complaint and for Issuance of Summonses (Doc. No. 67) is **GRANTED in part**, such that the Clerk of Court is **DIRECTED** to docket Plaintiff's proposed Fourth Amended Complaint (Doc. No. 67-1) as a separate docket entry.

2. Plaintiff's request for the issuance of new summonses for all named Defendants (Doc. No. 67, at 4) is **GRANTED in part and DENIED in part**. Upon review of the prior iterations of Plaintiff's complaint and the proposed Fourth Amended Complaint, it appears that Plaintiff has removed some Defendants and added one new Defendant – Jennifer Davis. *Compare* Doc. No. 59, *with* Doc. No. 67-1. A review of the docket also reflects that summonses were previously issued for several of the existing Defendants, the only exception being Sonia Bosinger, Esq. *See* Doc. Nos. 13–14, 60. Absent any explanation from Plaintiff, the Court finds that

---

[5] For these same reasons, the Court finds that Plaintiff has established good cause for her motion, which was filed after the expiration of the deadline to amend pleadings. *See* Fed. R. Civ. P. 16(b); *Gallagher v. Sayin*, No. 6:17-cv-1335-Orl-41TBS, 2018 WL 7372079, at *2 (M.D. Fla. Feb. 22, 2018).

reissuing summonses would be unnecessarily duplicative. Thus, the request for summonses will be **GRANTED** to the extent that upon the filing of the Fourth Amended Complaint, **and** if Plaintiff submits completed summonses for Jennifer Davis and/or Sonia Bosinger, Esq., the Clerk of Court will be **DIRECTED** to issue those summonses. In all other respects, Plaintiff's Motion (Doc. No. 67) is **DENIED**.

    3.    Plaintiff's Motion to Reissue Summons (Doc. No. 68), which seeks the same relief, is **DENIED as moot**.

    4.    Given that leave to amend will be granted, Defendant's Motion to Dismiss (Doc. No. 61), which is directed to the Second Amended Complaint (Doc. No. 59) will be **DENIED as moot**. Defendant The Preserves at Stonebriar Homeowners Association Inc. shall respond to the Fourth Amended Complaint within the deadlines set forth in Federal Rule of Civil Procedure 15(a)(3).

    5.    Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff has **ninety (90) days** from the date of this Order to effectuate service of process on Jennifer Davis. The Court will also provide Plaintiff an additional **thirty (30) days** from the date of this Order to effectuate service on all other Defendants who have not yet appeared in this case (*i.e.*, all Defendants other than Jennifer Davis and The Preserves at Stonebriar Homeowners Association Inc.). **Given the length of time**

**that this case has been pending, the Court will be disinclined to further extend these service deadlines absent a showing of truly exigent circumstances.**

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties