**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHERMA JOHNSON,

        Plaintiff,

v.                              Case No:   6:23-cv-1585-CEM-LHP

THE PRESERVES AT STONEBRIAR
HOMEOWNERS ASSOCIATION
INC., JOHN DOES 1-10, PRESERVES
AT STONEBRIAR HOMEOWNERS
ASSOCIATION 1, LLC, OLD
COUNTRY ROAD HLD, LLC,
UNKNOWN TRUSTEE OF BREVARD
22 CRM, TRUST, UNKNOWN
TRUSTEE OF PALM BAY 32909
TRUST, SONIA BOSINGER ESQ.,
GREGORY BRYL ESQ., ERIC
MORGAN ESQ., DEREK CARILLO,
ESQ., ROBIN ROSIER, FREEDOM
MORTGAGE CORPORATION,
UNKNOWN TENANT(S) IN
POSSESSION OF THE SUBJECT
PROPERTY and JENNIFER DAVIS,
ESQ.,

        Defendants

---

**ORDER**

Before the Court is Defendant's Motion to Dismiss, filed by Defendant The

Preserves at Stonebriar Homeowners Association, Inc. ("the Association"), the only

Defendant to have appeared in this case.   Doc. No. 82.   Plaintiff Sherma Johnson, appearing *pro se*, responds in opposition.   Doc. No. 84.[1]   The motion has been referred to the undersigned and is ripe for review.   Upon consideration of the arguments raised, the undersigned finds further briefing from the parties appropriate, for the reasons next discussed.

Plaintiff brings her operative complaint "to challenge and remedy a wrongful and illegal homeowners' association ('HOA') foreclosure and lien that are void ab initio."   Doc. No. 81, at 1.   Although Plaintiff alleges that she "does not seek appellate review of any state court ruling," her operative complaint is centrally premised on the contention that there was entry of a "void judgment" based on a "wrongful HOA foreclosure or defective lien procedures."   *See generally* Doc. No. 81.   In sum, Plaintiff alleges that she owned real property located at 774 Old Country Road SE, Palm Bay, Florida.   *Id.* ¶¶ 19, 40.   On June 24, 2021, the Association brought a state court foreclosure action against Plaintiff with respect to the real property in state court, based on a lien for unpaid HOA assessments.   *Id.* ¶¶ 20, 35, 43, 46, 52.   Plaintiff alleges that the Association brought the foreclosure action based on a lien recorded with the wrong property address and without

---

[1] The undersigned notes that Plaintiff's response in opposition exceeds the page limitations set forth in Local Rule 3.01(c).   For the sake of completeness, and given Plaintiff's *pro se* status, the undersigned has nonetheless considered the response.   *See* Local Rule 1.01(b).

following pre-lien and pre-foreclosure notices as required by Florida law. *Id.* ¶¶ 35, 43–51, 53–58. The Association obtained a foreclosure judgment, sold the property at judicial auction for what Plaintiff claims was less than full market value, and certificate of title issued. *Id.* ¶¶ 59–60, 63–68; *see also id.* ¶¶ 96–97. Because the lien and notices were defective, Plaintiff claims that the Association lacked legal authority to foreclose, rendering any resulting judgment void for lack of jurisdiction, and because any resulting judgment was void, title never transferred, and Plaintiff retains legal and equitable ownership in the real property. *Id.* ¶¶ 36–39, 51, 57, 73. Plaintiff brings nineteen (19) claims against the Association, as follows:

- Count I – "Quiet Title/Declaratory Relief"

- Count II – "Wrongful Lien/Illegal Foreclosure"

- Count III – "Slander of Title"

- Count IV – "Fraud on the Court/Misrepresentation"

- Count V – "Abuse of Process"

- Count VI – "Civil Conspiracy"

- Count VII – "Civil Theft/Conversion"

- Count VIII – "Breach of Contract"

- Count IX – "Breach of Good Faith and Fair Dealing"

- Count X – "Unjust Enrichment"

- Count XII – "Negligence"

- Count XIII – "Intentional Infliction of Emotional Distress"

- Count XV – "Violation of the Florida Consumer Collections Practices Act (FCCPA)"

- Count XVI – "FDUTPA Violations"

- Count XVII – "Due Process Violation (14th Amendment)"

- Count XVIII – "Civil RICO"

- Count XIX – "Equitable Estoppel/Restraining Wrongful Claims"

- Count XX – "Declaratory Relief"

- Count XXI – "Injunctive Relief"

*Id.* at 19–47.[2]

In its motion to dismiss, the Association asks that the Court take judicial notice of the state court docket, Doc. No. 82, at 3, which Plaintiff does not oppose, Doc. No. 84, at 3. Judicial notice is appropriate as the state court records are clearly integral to this case and are referred to throughout Plaintiff's operative complaint. *See Griffin v. Verizon Commc'ns Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018) ("Ordinarily, at the motion to dismiss stage, the court limits its consideration to the

---

[2] Given that the remaining Defendants have not appeared in this case, the undersigned confines the discussion of the factual allegations of the complaint and the claims raised to those against the Association.

pleadings and exhibits attached thereto.   However, a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.   Similarly, a district court may consider judicially noticed documents. . . . Courts typically take judicial notice of record documents from other judicial proceedings." (citations and quotation marks omitted)).[3]

The state court case number is 05-2021-CA-033780-XXXX-XX, and the docket is available at https://www.brevardclerk.us/case-search.   The docket reflects that a final judgment of foreclosure was entered by default on May 3, 2022, there was a judicial foreclosure sale on June 22, 2022, and a certificate of title issued to a third party.   Plaintiff thereafter appeared in the matter, moved to set aside the default and foreclosure sale on September 12, 2022 and September 14, 2022, and thereafter filed several related documents.   After Plaintiff failed to appear at a hearing, the state court directed the clerk to disburse the surplus funds from the foreclosure sale on September 8, 2023.   On October 27, 2023, Plaintiff filed an appeal with the Fifth District Court of Appeals, but that appeal was subsequently dismissed.

By the present motion to dismiss, the Association moves to dismiss the claims against it under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).   Doc.

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."   *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).   *See also* 11th Cir. R. 36-2.

No. 82.   As far as Rule 12(b)(1), the Association argues that all claims against it are barred by the *Rooker-Feldman* doctrine.   *Id.* at 5–9.[4]   Alternatively, the Association moves to dismiss under Rule 12(b)(6), arguing that all of Plaintiff's claims are barred by *res judicata* because she raised or could have raised them during the state court foreclosure proceedings, some of the claims are barred by the statute of limitations, Plaintiff lacks standing to assert some claims, and Plaintiff fails to state any claim for relief.   *Id.* at 9–25.

As it relates to *Rooker-Feldman* and res judicata, the parties of course disagree as to whether these doctrines apply to bar Plaintiff's claims.   Doc. Nos. 82, 84.   But the parties' briefing is insufficient, at present, to resolve these questions.   The undersigned therefore will request further briefing, as set forth below, in order to address these threshold issues.

As it relates to *Rooker-Feldman* specifically, Defendant says that all of Plaintiff's claims are barred.   Doc. No. 82, at 5–9.   However, from a review of the state court docket, the foreclosure judgment was entered by the state court on May 3, 2022.   Yet, proceedings related to the foreclosure remained ongoing thereafter, culminating in Plaintiff filing an appeal on October 27, 2023.   Plaintiff filed the present case on August 18, 2023, Doc. No. 1, and given that the state court appeal

---

[4] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

came thereafter, it is not clear whether *Rooker-Feldman* would apply to bar Plaintiff's claims, as it is not clear at what point the foreclosure judgment was final, *i.e.*, at what point the state court proceedings had ended, given the subsequent proceedings and appeal. *See Nicholson v. Shafe*, 558 F.3d 1266, 1275, 1276 (11th Cir. 2009) (stating that for *Rooker-Feldman* to apply, "generally the federal action must be filed after the state proceedings have ended," and "because an appeal remained pending in the state court action at the time the Appellants filed the instant case, the state court proceedings had not ended for purposes of *Rooker–Feldman*"). The Association does not address this issue in its briefing or explain when the state court proceedings ended for purposes of the *Rooker-Feldman* analysis. Doc. No. 82.

Moreover, although Defendant acknowledges that a claim-by-claim approach is required for the *Rooker-Feldman* analysis, Defendant does not cite applicable legal authority to support a *Rooker-Feldman* determination on each claim. *Id.* at 7–9. And the Court has doubts as to its applicability, particularly as it relates to Counts V, VI, VII, VIII, IX, X, XII, XIII, XV, XVI, and XVII. *Cf. Mizell v. Wells Fargo Bank, N.A.*, No. 22-12119, 2023 WL 355067, at *2 (11th Cir. Jan. 23, 2023); *Otero v. Newrez LLC*, No. 21-12990, 2022 WL 3155414, at *2 (11th Cir. Aug. 8, 2022).

Regarding res judicata, the Association also does not address the finality of the state court foreclosure judgment, although it appears that res judicata could apply even with a pending appeal. *E.g.*, *Cap. Assur. Co. v. Margolis*, 726 So. 2d 376,

377 (Fla. Dist. Ct. App. 1999);[5] *see also Trustmark Ins. Co. v. ESLU, Inc.*, 153 F. Supp. 2d 1322, 1329 (M.D. Fla. 2001).   Res judicata applies "when there is identity of: (1) 'the thing sued for'; (2) the cause of action; (3) the persons or parties to the action; (4) the quality or capacity of the persons for or against whom the claim is made; and (5) the original claim has been disposed of on the merits."   *Sporea v. Regions Bank, N.A.*, No. 20-11812, 2021 WL 2935365, at *2 (11th Cir. July 13, 2021) (citing *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1074 (11th Cir. 2013)).   In Florida, *res judicata* applies to claims that were, or could have been, raised in the prior action. *See Long v. Sec'y Dep't of Corr.*, 924 F.3d 1171, 1179 (11th Cir. 2019).

Here, the Association obtained the final judgment of foreclosure in state court by default.   Plaintiff appeared in the case thereafter in attempt to set aside the default and foreclosure sale.   However, from the state court docket, it does not appear that the state court ever substantively addressed Plaintiff's contentions, such contentions including that the foreclosure judgment was void.   Thus, it is not clear, given the nature of the state court proceedings, whether Plaintiff's claims would be barred by res judicata.   The Association also provides no legal authority for its contention that several of the counts raised against it here would have been

---

[5] "When we are asked to give *res judicata* effect to a state court judgment, we must apply the *res judicata* principles of the state whose decision is set up as a bar to further litigation."   *Sporea v. Regions Bank, N.A.*, No. 20-11812, 2021 WL 2935365, at *2 (11th Cir. July 13, 2021) (citing *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1252 (11th Cir. 2009)).

compulsory counterclaims in the state court foreclosure proceeding, and/or how, if at all, the default obtained in state court affects this analysis.   Doc. No. 82, at 11.

Accordingly, upon due consideration, it is **ORDERED** as follows:

1.      Within **ten (10) days** of the date of this Order, the Association shall file a reply brief, not to exceed **ten (10) pages** in length, addressing the issues set forth in this Order.   The Association shall specifically address, <u>by citation to legal authority</u>: (1) when the state court proceedings ended for purposes of the *Rooker-Feldman* analysis; (2) the application of *Rooker-Feldman* to each individual count asserted against it in the operative complaint; (3) and whether res judicata applies to a procedural posture similar to here, where the state court proceedings were issued by default, the arguments raised against foreclosure came post-judgment, and the state court never addressed said arguments.

2.      Within **ten (10) days** of the filing of the Association's reply brief, Plaintiff may file a sur-reply brief, not to exceed **ten (10) pages** in length, addressing the issues raised in this Order and in the Association's reply.

**DONE** and **ORDERED** in Orlando, Florida on March 4, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

- 9 -

Copies furnished to:

Counsel of Record
Unrepresented Parties